Per Curiam.
The appeal must be dismissed. The general term, in the exercise of its jurisdiction, had the power to determine the appeal and to affirm or reverse either generally as to all the parties, or to affirm as to one or more parties, and reverse as to another and grant a new trial. In granting a new trial it inserted in its order, and as part thereof, a provision that on the new trial the settlement of the administrator’s accounts by the referee, and which was rendered final as between the accounting parties and the plaintiffs, the administrators of the sureties on the administrator’s bond, by the affirmance of the judgment as between these parties, should be of no force or effect as against Eli Hofeller, in whose favor a new trial was awarded. The fact that this provision was added to the order granting a new trial by amendment made by the general term at a subsequent session, in no respect alters the situation from what it would have been if the provision had been contained in the original order granting a" new trial.
The court had an inherent right to conform the order to the decision intended to be made. The plaintiffs had two courses open when the order was finally settled. They could appeal from the order granting a new trial, giving the usual stipulation for judgment absolute, or go back and try the case over again as between themselves and the defendant, Eli Hofeller.
The question as to the right of the general term to declare in the order granting a new trial that on such new trial the accounting between the other parties should not bind Eli Hofeller, could be raised in this court on appeal from the whole order, and the plaintiffs could then argue the question of the power of the court to insert the provision. They cannot sever this provision in the order from the direction for a new trial and appeal from that alone, and in this way escape from the necessity of stipulating for judgment absolute. The other course was to go back, and on the new trial insist that the accounting was in law conclusive on Eli Ho-feller, notwithstanding the provision in the order of the general term, and that the general term had no power, while leaving the accounting to stand as between the accounting parties, to make it of no force as between the plaintiffs and Eli Hofeller. If the ruling on this point on the new trial should be adverse, the plaintiffs can raise the question by exception and have it de *199 tided on an appeal from the judgment on the new trial, if judgment goes against them.
We think it plain that the present appeal is unauthorized, and it should, therefore, be dismissed.
All concur.